MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JOSE ZURITA, PEDRO PACHECO, JUAN LOPEZ,
ALACLETO FERNANDEZ, CARLOS PARRA, and       **07 CV 8063 (LAP)(HP)**
GILBERTO AGUILAR, *individually and on behalf of*
*others similarly situated*,

                              *Plaintiffs*,                **COMPLAINT**

        -against-

                                                     **FLSA Collective Action**

ASPEN and GREG BRIER,
                              *Defendants.*
-------------------------------------------------------------------X

       Plaintiffs Jose Zurita, Pedro Pacheco, Juan Lopez, Alacleto Fernandez, Carlos Parra, and Gilberto Aguilar, individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

**NATURE OF THE ACTION**

       1.       Plaintiffs are former employees of Aspen ("Defendant Aspen").

       2.       Defendant Aspen, by and through its owner, operates a restaurant and lounge located at 30 W. 22nd Street, New York, New York 10010.

       3.       Aspen is owned and operated by individual Greg Brier ("Defendant Brier"). Upon information and belief, Defendant Brier serves as an owner, principal, or agent of Defendant Aspen.

4. Defendants have maintained a policy and practice of requiring Plaintiffs and other similarly situated employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations. Plaintiffs now bring this action, on behalf of himself and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq*., and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.)

5. Plaintiffs seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

8.     Plaintiff Jose Zurita ("Plaintiff Zurita") is an adult individual residing in New York County, New York.  Plaintiff Zurita was employed to perform food preparation by Defendants from approximately November 2005 through August 13, 2007.  From approximately November 2006 to June 2006, Plaintiff Zurita regularly worked 6 days a week for 68 hours per week at a weekly salary of $400.00.  From July 2006 to October 2006, Plaintiff Zurita regularly worked 5 days a week for 56 hours per week at a weekly salary of $303.00.  From November 2006 to June 2007, Plaintiff Zurita regularly worked 6 days a week for 68 hours a week at a weekly rate of $303.00.  From July 2007 to August 132007, Plaintiff Zurita regularly worked 5 days a week for 56 hours per week at a weekly salary of $303.00.  There was no regular scheduled break period.

9.     Plaintiff Pedro Pacheco ("Plaintiff Pacheco") is an adult individual residing in Kings County, New York.  Plaintiff Pacheco was employed by Defendants as a dishwasher from approximately April 2007 to August 13, 2007.  From April 2007 to June 2007, Plaintiff Pacheco regularly worked 6 days a week for 68 hours per week at a weekly salary of $350.00: 3 p.m. to 2 a.m. Monday through Thursday and 3 p.m. to 3 a.m. Friday and Saturday.  From approximately June 2007 to August 13, 2007, Plaintiff Pacheco's schedule was reduced to 5 days week for 56 hours per week at a weekly salary of $303.00.  There was no regular scheduled break period.

10.     Plaintiff Juan Lopez ("Plaintiff Lopez") is an adult individual residing in Richmond County, New York.  Plaintiff Lopez was employed by Defendants as a line cook from approximately November 2005 to August 2007.  From November 2005 to June 2006, Plaintiff

Lopez regularly worked 6 days a week for 68 hours per week at a weekly salary of $500.00: 3 p.m. to 2 a.m. Monday through Thursday and 3 p.m. to 3 a.m. Friday and Saturday.  From approximately July 2006 to October 2006, Plaintiff Lopez regularly worked 5 days a week from 56 hours per week at a weekly salary of $420.00.  From approximately November 2006 to June 2007, Plaintiff Lopez regularly worked 5 days week at 68 hours per week at a weekly salary of $500.00.  From approximately July 2007 to August 2007, Plaintiff Lopez regularly worked 5 days per week for approximately 56 hours per week at a weekly salary of $420.00.  There was no regular scheduled break period.

   11. Plaintiff Anacleto Fernandez ("Plaintiff Fernandez") is an adult individual residing in New York County, New York.  Plaintiff Fernandez was employed by Defendants to perform food preparation from approximately November 2005 to August 2007.  From November 2005 to May 2006, Plaintiff Fernandez regularly worked 6 days a week for 72 hours per week at a weekly salary of $400.00: 8 a.m. to 8 p.m.  From approximately June 2006 to October 2006, Plaintiff Fernandez regularly worked 5 days a week for 60 hours per week at a weekly salary of $303.00.  From approximately November 2006 to May 2007, Plaintiff Fernandez regularly worked 6 days week for 72 hours per week at a weekly salary of $400.00.  From approximately June 2007 to August 13, 2007, Plaintiff Fernandez regularly worked 5 days a week from 60 hours per week at a weekly salary of $303.00.  From approximately August 8, 2007 to August 13, 2007, Plaintiff Fernandez was not paid and still owed an additional $20.00 from the prior work week. There was no regular scheduled break period.

   12. Plaintiff Carlos Parra ("Plaintiff Parra") is an adult individual residing in Queens County, New York.  Plaintiff Parra was employed by Defendants as a line cook from

approximately September 2006 to August 2007. From September 2006 until June 2007, Plaintiff Parra regularly worked 6 days a week for 68 hours per week at a weekly salary of $550.00: 3 p.m. to 2 a.m. Monday to Thursday and 3 p.m. to 3 a.m. Friday and Saturday. From July 2007 to August 2007, Plaintiff Parra regularly worked 5 days a week for 56 hours per week at a weekly salary of $460.00. Plaintiff Parra was not paid for his last week of work. There was no regular scheduled break period.

13. Plaintiff Gilberto Aguilar ("Plaintiff Aguilar") is an adult individual residing in Kings County, New York. Plaintiff Aguilar was employed by Defendants as a line cook from approximately December 2005 to August 2007. From December 2005 to June 2006, Plaintiff Aguilar regularly worked 6 days a week for 66 hours per week at a weekly salary of $400.00. From approximately July 2006 to October 2006, Plaintiff Aguilar regularly worked 5 days a week for 55 hours per week at a weekly salary of $303.00. From approximately November 2006 to June 2007, Plaintiff Aguilar regularly worked 6 days week for 66 hours per week at a weekly salary of $400.00. From approximately July 2007 to August 2007, Plaintiff Aguilar regularly worked 5 days a week for 60 hours per week at a weekly salary of $303.00. Plaintiff Aguilar was not paid for his last week of work. There was no regular scheduled break period.

*Defendants*

14. Upon information and belief, Defendant Aspen is a firm organized and existing in New York County.

15. Defendant Aspen maintains its place of business at 30 W. 22nd Street, New York, New York 10010.

16.     Upon information and belief, Defendant Brier is an individual engaged in business in New York City; Defendant Brier is sued individually and in his capacity as an owner, officer and/or agent of the Defendant Aspen.

## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

17.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

18.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

19.     Until approximately June 2007, Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week.

20.     On numerous occasions, Plaintiffs received neither the 30 minute noonday break period for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor an additional 20 minutes between 5 p.m. and 7 p.m. when employed on a shift starting before 11 a.m. and continuing after 7 p.m.

*Defendants' Organizational Structure*

21.     Upon information and belief, Defendant Brier is the owner and/or executive director of Defendant Aspen.

22.     At all relevant times, Defendant Brier employed or jointly employed Plaintiffs.

23. The gross annual volume of sales made or business done by Defendant Aspen, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

24. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Collective Action Claims*

25. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

26. The named Plaintiffs are a representative of these other workers and is acting on behalf of their interests as well as their own interest in bringing this action:

   a. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which as been unlawfully withheld from them by Defendants.

### FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

27. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

28. At all relevant times, Defendants were Plaintiffs employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

29. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

30. Defendant Aspen constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

31. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

32. Plaintiffs have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

33. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

34. Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

35. Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

36. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

37. At all relevant times, Defendants were Plaintiffs employers within the meaning of the NYLL §§ 2 and 651.

38. Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

39. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

40. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

41. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

42. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

43. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

44. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order

45. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

47. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

48. Plaintiffs have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFOR, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

C. Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

D. Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

E. Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commissioner of Labor, as to Plaintiffs;

F. Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

G. Awarding Plaintiffs and the punitive class members liquidated damages in

an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

  H. Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

  I. Awarding Plaintiffs and the punitive class prejudgment interest;

  J. Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

  K. For such other and further relief as the Court deems just and proper.


Dated: New York, New York
   September 7, 2007

             MICHAEL FAILLACE & ASSOCIATES, P.C.

             By: _____/s/_____
              Michael Faillace [MF-8436]
              110 East 59th Street, 32nd Floor
              New York, New York 10022
              (212) 317-1200
              *Attorneys for Plaintiffs*