Darren Oved (DO9337)
Daniel Seidenstein (DS6030)
*Attorneys for Defendants*
101 Avenue of the Americas, 15th Floor
New York, NY 10013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE ZURITA, PEDRO PACHECO, JUAN LOPEZ,
ALACRETO FERNANDEZ, CARLOS PARRA AND
GILBERTO AGUILA, *individually and on behalf of
others similarly situated,*

                        Case No.:  07 CV 8063
             *Plaintiffs*,          (LAP)(HBP)

    -*against*-

ASPEN AND GREG BRIER,

             *Defendants*.
-----------------------------------------------------------------X

## **VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, ASPEN and GREG BRIER (collectively "Defendants"), by their attorneys, Oved & Oved LLP, hereby answer the Complaint of Plaintiffs JOSE ZURITA, PEDRO PACHECO, JUAN LOPEZ, ALACRETO FERNANDEZ, CARLOS PARRA and GILBERTO AGUILA ("Plaintiffs"), upon information and belief, as follows:

    1.    Deny the allegations contained in paragraph 1 of the Complaint.

    2.    Deny the allegations contained in paragraph 2 of the Complaint, except admit that "Aspen" is the trade name for a restaurant located at the address referred to therein.

    3.    Deny the allegations contained in paragraph 3 of the Complaint, object to the extent it contains conclusions of law, and further state that restaurant having the trade name "Aspen" is owned and operated by 21st Partners, LLC, a New York limited liability company of which Greg Brier is a member.

4. Deny the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiffs purport to bring this action pursuant to the statutes, rules and regulations cited therein.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiffs purport to seek the relief set forth therein for the reasons set forth therein.

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint, and object to the extent it contains conclusions of law, except admit that Plaintiffs purport to base subject matter jurisdiction on the statutory provisions cited therein.

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint, and object to the extent it contains conclusions of law, except admit that Plaintiffs purport to base venue on the statutory provisions cited therein.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that a restaurant having the trade name "Aspen" is located at the address referred to therein.

16. Deny the allegations contained in paragraph 16 of the Complaint and object to the extent it contains conclusions of law, except admit that Plaintiffs improperly purport to sue Defendant Brier individually for the reasons set forth therein.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint, and further state that "Aspen" is a trade name, not a legal entity.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraphs 26 and 26(a) of the Complaint, except admit that Plaintiffs purport to seek the relief set forth therein for the reasons set forth therein.

27. Repeat and reallege each and every admission, denial and statement made in response to those paragraphs of the Complaint referred to in paragraph 27 thereof as though fully set forth herein.

28. The allegations contained in paragraph 28 are conclusions of law and therefore no response is required. To the extent the allegations are deemed factual, Defendants deny knowledge and information sufficient to form a belief as to allegations.

29. The allegations contained in paragraph 29 are conclusions of law and therefore no response is required. To the extent the allegations are deemed factual, Defendants deny the allegations.

30. The allegations contained in paragraph 30 are conclusions of law and therefore no response is required. To the extent the allegations are deemed factual, Defendants deny knowledge and information sufficient to form a belief as to allegations.

31. Deny the allegations contained in paragraph 31 of the Complaint and object to the extent it contains conclusions of law.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Repeat and reallege each and every admission, denial and statement made in response to those paragraphs of the Complaint referred to in paragraph 33 thereof as though fully set forth herein.

34. Deny the allegations contained in paragraph 34 of the Complaint and object to the extent it contains conclusions of law.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Repeat and reallege each and every admission, denial and statement made in response to those paragraphs of the Complaint referred to in paragraph 36 thereof as though fully set forth herein.

37. The allegations contained in paragraph 30 are conclusions of law and therefore no response is required. To the extent the allegations are deemed factual, Defendants deny knowledge and information sufficient to form a belief as to allegations.

38. Deny the allegations contained in paragraph 38 of the Complaint and object to the extent it contains conclusions of law.

39. Deny the allegations contained in paragraph 39 of the Complaint and object to the extent it contains conclusions of law.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Repeat and reallege each and every admission, denial or statement made in response to those paragraphs of the Complaint referred to in paragraph 41 thereof as though fully set forth herein.

42. Deny the allegations contained in paragraph 42 of the Complaint and object to the extent it contains conclusions of law.

43. Deny the allegations contained in paragraph 43 of the Complaint and object to the extent it contains conclusions of law.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Repeat and reallege each and every admission, denial or statement made in response to those paragraphs of the Complaint referred to in paragraph 45 thereof as though fully set forth herein.

46. Deny the allegations contained in paragraph 46 of the Complaint and object to the extent it contains conclusions of law.

47. Deny the allegations contained in paragraph 47 of the Complaint and object to the extent it contains conclusions of law.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny each and every allegation set forth in the "WHEREFORE" clause and specifically deny that Plaintiffs are entitled to any relief whatsoever.

50. Deny each and every other allegation contained in the Complaint not expressly admitted in this Verified Answer.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs' failed to plead the necessary elements to support the relief sought, and the Complaint fails to state a claim.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 215(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken.

## FOURTH AFFIRMATIVE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C. § 16(b) because they are not similarly situated.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative collection action members lack standing to bring the alleged claims raised in this suit.

## SIXTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are barred to the extent they are preempted by Federal law.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant "Aspen" is not a legal entity and therefore it (a) cannot sue or be sued, and (b) does not qualify as an enterprise within the meaning of the FSLA.

## NINTH AFFIRMATIVE DEFENSE

The limited liability company that owns and controls the restaurant having the trade name "Aspen" is not an enterprise in commerce for purposes of FLSA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have no legal basis for suing Defendant Greg Brier in his individual capacity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of equitable estoppel and waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent of Plaintiffs' fraud, fraudulent inducement, bad faith, misrepresentations, and/or unclean hands.

### FOURTHEENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing their pay practices complied with Federal and State law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs alleged injuries and/or damages, if any, were caused by Plaintiffs' own actions, omissions or conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any Defendant act in a willful, wanton, reckless, and/or malicious manner.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York Law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any alleged damages.

### NINTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and putative collection members have received other benefits and/or awards attributable to an injury for which they seek compensation in this action, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If Defendants are found to owe any monies to Plaintiffs, whatever monies are said to be owed should be offset by any applicable meal allowances pursuant to 12 N.Y.C.R.R. § 137-1.9.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the alleged injuries and/or damages alleged to have been sustained by Plaintiffs and the same are accordingly denied and strict proof thereof is demanded at the trial of this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by facts showing illegality either by statute or common law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants hereby gives notice that they intend to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend their Verified Answer to assert such additional defenses.

**WHEREFORE**, Defendants hereby requests that the Court grant them the following relief:

(i) dismiss Plaintiffs' complaint in its entirety with prejudice;

(ii) award Defendants their costs and disbursements incurred in this suit;

(iii) award Defendants their reasonable attorneys' fees to the full extent permitted by applicable law.

(iv) grant Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 31, 2007

/S/
Darren Oved (DO9337)
Daniel Seidenstein (DS6030)
OVED & OVED LLP
*Attorneys for Defendants*
101 Avenue of the Americas, 15th Floor
New York, NY 10013
Tel: 212.226.2376

# **VERIFICATION**

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ~~NEW YORK~~ )
         WESTCHESTER

Greg Brier hereby affirms under the penalties of perjury the following:

I am an individual named Defendant in the instant action and, as such, am familiar with the facts in the present case.

I have read and know the contents of the foregoing **VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** and the same is true of my own knowledge except as to the matters to be alleged on information and belief, and as to those matters, I believe them be true.

The grounds of my belief as to all matters in the said **VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** are papers and records in my possession and a general investigation of the facts of this case.

_____
Greg Brier

Sworn to before me on this
31st day of October 2007

_____
NOTARY PUBLIC

DIGNA D. AULI
Notary Public, State of New York
No. 01AU5122255
Qualified in Westchester County
Commission Expires Feb. 7, 2009

**DECLARATION OF SERVICE**

I, Darren Oved, the undersigned, an attorney duly admitted to practice in the Southern District of New York, with offices at 101 Avenue of the Americas, 15th Floor, New York, NY 10013, affirms as follows:

On October 31, 2007, I served Plaintiffs with true copies of the following documents via ECF:

- **VERIFED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**
- **RULE 7.1 DISCLOSURE STATEAMENT**

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury, that the foregoing is true and correct.

Dated:  New York, New York
        October 31, 2007

                                                          /S/
                                                    Darren Oved